UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

BRANDIE VILLEGAS,

Plaintiff,

v.

JIMMY VILLEGAS et al.,

Defendants.

Case No. 5:26-cv-05810-SB-ADS

ORDER DISMISSING COMPLAINT

Plaintiff Brandie Villegas, a self-represented litigant seeking to proceed in forma pauperis, filed this federal civil rights action arising out of state court family-law proceedings. Dkt. No. 1. The Court screens the complaint, as required, to determine if it states a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying Rule 12(b)(6) standard to § 1915(e)).

I.

Plaintiff's claims arise from family-law proceedings in San Bernardino Superior Court involving custody, support, and the disposition of proceeds from the marital residence. Dkt. No. 1 at 2. She alleges that marital funds were mishandled, a five-year domestic-violence restraining order was improperly entered against her, and court proceedings continued without her after she became ill. *Id.* She sues her former spouse, Jimmy Villegas; his lawyer, Yahya Mohamed Ibrahim; Plaintiff's former lawyer, Lori Smith; an escrow officer, Jenny DiBernardo; and a mortgage professional, Kurt Hendershot. *Id.* at 1. She asserts a procedural due process claim under 42 U.S.C. § 1983 against five Doe defendants described as "nonimmune state actors," alleging that they conducted the legal

proceedings after she became ill, depriving her of a meaningful opportunity to be heard. *Id.* at 3. She also asserts state-law claims for fraud, conversion, abuse of process, and intentional infliction of emotional distress against "one or more private defendants." *Id.*

## II.

A complaint must contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The body of the complaint must identify each defendant, specify the claims against each defendant, and allege sufficient facts supporting the elements of each claim. Allegations that "one or more defendants" engaged in misconduct are insufficient, *see, e.g.,* Dkt. No. 1 at 3 ¶¶ 34, 37, 39, 41, and constitute an impermissible shotgun pleading. *Gibson v. City of Portland*, 165 F.4th 1265, 1288–90 (9th Cir. 2026) (recognizing as an impermissible "shotgun pleading" a complaint asserting claims against multiple defendants without specifying which defendant committed which act or omission). The complaint, moreover, must do more than recite conclusory statements that mirror legal elements; it must include specific factual allegations addressing each element of a claim, showing that it is facially plausible that the defendant is liable for the alleged misconduct. Mere conclusions or speculation are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

### A.

The complaint fails to meet these standards. Each claim is deficient.

1. <u>Due Process (Count 1)</u>. Plaintiff alleges a procedural due process claim under 42 U.S.C. § 1983. To state a claim, Plaintiff must allege facts showing (1) a protected property interest; (2) a deprivation of that interest by a person acting under color of state law; and (3) constitutionally inadequate procedures. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). Plaintiff falls far short of plausibly stating a claim. She alleges only that the state-court proceedings were inadequate because they continued without her when she was ill. She therefore appears to be complaining about how the trial judge conducted those proceedings. But, as Plaintiff acknowledges, she had substantial opportunities to seek redress for any such procedural shortcomings:

> Plaintiff also alleges that she repeatedly sought review through reconsideration requests, judicial-disqualification procedures,

> complaints to oversight bodies, appellate/writ proceedings . . . and protection-order proceedings in other jurisdictions.

Dkt. No. 1 at 2 ¶ 26. Thus, notwithstanding her disclaimer that "Plaintiff does not ask this Court to act as an appellate family court" (*id.* at 1 ¶ 2), she appears to be seeking federal relief from adverse state-court rulings.

Plaintiff also fails to identify or adequately describe any defendant responsible for the alleged deprivation. Although Doe pleading is permissible when a defendant's identity is unknown, it does not excuse the failure to allege facts establishing a plausible claim against that defendant. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff presumably knows who participated in the family-law proceedings and should be able to identify or at least describe the person responsible for the alleged deprivation. Indeed, her allegations suggest that any deprivation of an opportunity to be heard resulted from judicial action, for which the presiding judge would ordinarily enjoy absolute immunity from damages. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).

Count 1 is therefore dismissed with leave to amend to identify or adequately describe a defendant responsible for the alleged deprivation and plead plausible facts establishing a due process violation. At a minimum, Plaintiff must allege facts identifying a defendant who is not immune from suit, the specific conduct by which that defendant deprived her of a protected property interest, the proceedings in which the deprivation occurred, and the constitutionally required process she was denied despite her opportunities to seek relief in state court.

2. <u>Fraud or Concealment (Count 2)</u>. Fraud requires a misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damage. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Concealment requires knowing concealment of a material fact, a duty to disclose, intent to induce reliance, justifiable reliance, and resulting damages. *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 248 (2011). Allegations of fraud or concealment must be pleaded with particularity, Fed. R. Civ. P. 9(b), identifying who committed the misconduct, what was misrepresented or concealed, when and where it occurred, and how it was fraudulent, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–26 (9th Cir. 2009).

Plaintiff alleges only that "one or more private defendants made materially false statements or concealed material facts concerning the refinance/property proceeds, authorization, ownership, or distribution of funds, with knowledge of

falsity or reckless disregard and with intent to induce reliance." Dkt. No. 1 ¶¶ 34–35. These vague, collective, and conclusory allegations are deficient. She does not identify who stated or concealed what, when or how it occurred, why any representation was false, or how she relied on it to her detriment. Nor, as to concealment, does she allege a duty to disclose. Count 2 therefore fails to state a claim.

3. Conversion (Count 3). Conversion requires a plaintiff's ownership or right to possess property, a defendant's wrongful exercise of dominion over it, and resulting damages. *Welco Electronics, Inc. v. Mora*, 223 Cal. App. 4th 202, 208–09 (2014). If the property is money, it must be a specific, identifiable sum. *Id.* Although Plaintiff alleges that $203,426.12 was deposited into Ibrahim's trust account pursuant to a court order, she does not identify what portion belonged to her, establish her immediate right to possess it, or identify any defendant's unauthorized act of dominion over it. Dkt. No. 1 ¶¶ 16–19, 37. Count 3 therefore fails to state a claim.

4. Abuse of Process (Count 4). Abuse of process requires an ulterior purpose and a willful misuse of judicial process beyond merely prosecuting or defending a lawsuit. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056–57 (2006). Plaintiff alleges only that "one or more private defendants" used unspecified legal process for an improper financial or litigation purpose. Dkt. No. 1 ¶ 39. She does not identify the defendant, the process allegedly abused, the improper collateral purpose, or any act constituting misuse of that process. Count 4 therefore fails to state a claim.

5. Intentional Infliction of Emotion Distress (IIED) (Count 5). IIED requires extreme and outrageous conduct intended to cause, or undertaken with reckless disregard of the probability of causing, severe emotional distress; severe emotional distress; and causation. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–51 (2009). Plaintiff merely alleges "extreme and outrageous conduct by one or more private defendants" and "severe resulting distress." Dkt. No. 1 ¶ 41. She does not identify the defendant or conduct at issue, allege facts showing that the conduct was sufficiently outrageous or undertaken with the required mental state, or describe severe distress caused by that conduct. Count 5 therefore fails to state a claim.

B.

The deficiencies above require dismissal of the claims as pleaded. Several related issues may independently limit Plaintiff's ability to state viable claims and therefore must be addressed in any amended complaint.

Immunity. Count 1 appears to challenge acts taken in conducting the family-court proceedings and entering or enforcing resulting orders. Judges are absolutely immune from damages for judicial acts taken within their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). Court personnel likewise may be entitled to quasi-judicial immunity for performing tasks integral to the judicial process. *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390–94 (9th Cir. 1987). Any amended complaint must allege facts showing that the conduct underlying Count 1 was performed by a person subject to suit under § 1983 and is not protected by judicial or quasi-judicial immunity.[1]

State-Court and Litigation-Related Conduct. Plaintiff's characterization of her action does not control. To the extent she seeks relief for injuries caused by state-court judgments and effectively asks this Court to review or reject those judgments, the claim may be barred. *See Noel v. Hall*, 341 F.3d 1148, 1163–64 (9th Cir. 2003). California's litigation privilege also generally bars tort liability based on communications made in judicial proceedings. Cal. Civ. Code § 47(b); *Silberg v. Anderson*, 50 Cal. 3d 205, 212, 215–16 (1990). Any amended complaint must identify the specific conduct underlying each claim and, if that conduct relates to the state proceedings, allege facts showing that the claim rests on independently actionable conduct rather than a state-court judgment or privileged litigation communication.

III.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because it is not "absolutely clear" that amendment would be futile, the Court grants Plaintiff leave to file a first amended complaint (FAC). *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). By November 23, 2026, Plaintiff may file an FAC that cures the deficiencies identified in this order. Plaintiff should not expect another opportunity to amend if she fails to

---

[1] Count 1 is the only federal claim, and Plaintiff does not allege diversity jurisdiction. If she cannot state a viable § 1983 claim, the Court may decline supplemental jurisdiction over Counts 2 through 5. *See* 28 U.S.C. § 1367(c)(3).

allege facts available to her that could cure those deficiencies. Failure to timely amend will be construed as an election to stand on the original complaint and will result in dismissal of this action with prejudice.

Date: October 28, 2026

Stanley Blumenfeld, Jr.
United States District Judge